**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRIAN KEITH BRIM,

Defendant-Appellant.

No.    13-56477

D.C. Nos.
2:99-cv-02201-DDP-MLG
8:93-cr-00098-LHM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted December 6, 2016[**]
Pasadena, California

Before:  D.W. NELSON and OWENS, Circuit Judges, and KORMAN,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Brian Keith Brim, a federal prisoner, appeals from the district court's denial of his Federal Rule of Civil Procedure 60(b) motion for reconsideration of his 28 U.S.C. § 2255 motion to vacate his sentence, which was imposed following his conviction for conspiracy to manufacture phencyclidine in violation of 21 U.S.C. §§ 841(a)(1), 846. The only issue certified for appeal is whether Brim's sentence was ambiguous because it imposed both a term of life imprisonment and ten years supervised release if Brim was released.[1] As the parties are familiar with the facts, we do not recount them here. We affirm.

There is no ambiguity or contradiction in the district court sentencing Brim to both life imprisonment and supervised release if released. Brim's sentence was required by the sentencing statute, and was supported by the Sentencing Guidelines. *See* 21 U.S.C. § 841(b)(1)(A) (providing for "a mandatory term of life imprisonment" if a "person commits a violation . . . after two or more prior convictions for a felony drug offense" and that "any sentence under this subparagraph shall . . . if there was such a prior conviction [for a felony drug

---

[1] The government questions the district court's jurisdiction to raise the alleged ambiguity in Brim's sentence sua sponte under Rule 60(b)(6) in its order granting a certificate of appealability ("COA"). However, we need not reach that question. *See Phelps v. Alameda*, 366 F.3d 722, 726 (9th Cir. 2004) ("[M]erits panels are not required to examine allegedly defective COAs in the face of jurisdictional challenges.").

offense], impose a term of supervised release of at least 10 years in addition to such term of imprisonment"); U.S.S.G. § 5D1.1 (providing that "[t]he court shall order a term of supervised release to follow imprisonment . . . when required by statute . . . or . . . when a sentence of imprisonment of more than one year is imposed").

Moreover, it is not uncommon for a defendant to be sentenced to both life imprisonment and supervised release. *See, e.g.*, *United States v. Mitchell*, 568 F.3d 1147, 1148 (9th Cir. 2009) (noting that the district court sentenced the defendant "to a mandatory term of life imprisonment without release and ten years of supervised release"); *see also United States v. Vance*, 764 F.3d 667, 676 (7th Cir. 2014) (noting that "conditions of supervised release are routinely imposed in life-sentence cases"); *United States v. Rodríguez-Berríos*, 573 F.3d 55, 60 n.1 (1st Cir. 2009) (noting that "[t]erms of supervised release following life sentences are . . . not uncommon"). Contrary to Brim's contention, the sentencing transcript does not show that the district court was confused when imposing his sentence.

**AFFIRMED**.